**PELTON & ASSOCIATES PC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PAOLA ASFAW, Individually and on Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| -against- | |
| **BBQ CHICKEN DON ALEX NO. 1 CORP. d/b/a DON ALEX RESTRAURANT, DIAVI OSORES, OSVALDO YALLICO and JOHN DOES #1-10, Jointly and Severally,** | **Jury Trial Demanded** |
| **Defendants.** | |

Plaintiff Paola Asfaw ("Asfaw" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff is a former server at one (1) of Defendants' restaurants located in Queens County, New York. Plaintiff and Defendants' similarly situated employees were paid on a "per shift" basis, regardless of the hours they worked. Consequently, Defendants failed to pay Plaintiff and other employees the legally-required minimum wage for all hours worked and overtime premiums for working over forty (40) hours in a given workweek.

2.      Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums and for Defendants' failure to provide wage statements and wage notices pursuant to the NYLL and the supporting regulations.

3.      Plaintiff brings her FLSA claim on behalf of herself and all other similarly situated employees of Defendants and the NYLL claims on behalf of herself and a Federal Rule of Civil Procedure 23 class of all employees of Defendants who were paid on a "per shift" basis, regardless of hours worked, who worked for Defendants in New York.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendants maintain business locations in this district.

6.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

7.      Plaintiff was, at all relevant times, an adult individual residing in Queens County, New York.

8.     Throughout the relevant time period, Plaintiff performed work for Defendants at one (1) of their Don Alex Restaurant locations located at: 84-10 37th Avenue, Jackson Heights, New York 11372.

9.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), and her written consent form is attached hereto and incorporated by reference.

**Defendants:**

10.     Upon information and belief, BBQ CHICKEN DON ALEX NO. 1 CORP. ("Don Alex Restaurant") is an active New York Corporation doing business as "Pollos a la Brasa Don Alex Restaurant," with its principle place of business at 84-10 37th Avenue, Jackson Heights, New York 11372.

11.     John Does #1-10 represent corporate entities that operate the other restaurants in the Don Alex Restaurants chain. Don Alex Restaurant and John Does #1-10 are hereinafter collectively referred to as the "Corporate Defendants".

12.     Don Alex Restaurant and John Does #1-10 operated together as a single business enterprise (hereinafter referred to as the "Don Alex Enterprise") consisting of approximately eight (8) Don Alex restaurant locations.

13.     Defendant Diavi Osores ("D. Osores") a.k.a "Diavi Yallico" is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, D. Osores was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of Don Alex Restaurant and the Don Alex Enterprise.

14.     Defendant Oswaldo Yallico ("O. Yallico" and together with D. Osores, the

3

"Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein. Throughout the relevant time period, upon information and belief, O. Yallico was in charge of determining the Corporate Defendants' policies with respect to payroll, and otherwise running the business of Don Alex Restaurant.

15.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally and maliciously in his direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees, and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

16.     The Corporate Defendants' operations are interrelated and unified.

17.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

18.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

19.     At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

20.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

4

## COLLECTIVE ACTION ALLEGATIONS

21.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings her First and Second Cause of Action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since September 26, 2011 and through the entry of judgment in this case (the "Collective Action Period") who were paid on a "per shift" basis (the "Collective Action Members").

22.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of paying employees on at a fixed rate per shift, regardless of hours worked; failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally required minimum wage for all hours worked or overtime premium payments for all hours worked in excess of forty (40) hours per week.

23.     Plaintiff and the Collective Action Members have similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ALLEGATIONS

24.     Pursuant to the NYLL, Plaintiff brings her Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All persons employed by Defendants in New York at any time since September 26, 2008 and through the entry of judgment in this case (the "Class Period") who were paid on a "per shift" basis (the "Class Members").

25.     The Class Members are readily ascertainable. The number and identity of the

Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Federal Rule of Civil Procedure.

26.     <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

27.     Upon information and belief, there are well in excess of forty (40) Class Members.

28.     <u>There are questions of law and fact common to the claims of Plaintiff and the claims of the Class</u>. Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include whether Defendants had a corporate policy of: paying employees at a fixed rate per shift, regardless of hours worked; failing to pay minimum wage for all hours worked; failing to pay overtime premiums when employees worked in excess of forty (40) hours per week; failing to pay an additional hour's wage at minimum wage when employees worked a shift lasting ten (10) or more hours; and failing to provide wage notices and wage statements as required by NYLL § 195.

29.     <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, is an employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid at a fixed rate per shift, regardless of hours worked; was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek; was not paid spread of hours premiums for days in which she worked in excess of ten (10) hours and/or a split shift; was not provided proper wage statements with each of her wage payments; and was not provided proper wage notice when hired or before February 1 of each year. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they

are also liable to all Class Members.

30.     <u>Plaintiff and her Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover her own damages.

31.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

32.     <u>The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class</u>. These common questions include, but are not limited to:

a.  whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members not less than minimum wage for all hours they worked each week;

c.  whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

d.  whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

e.  whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

f.  whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

g.  whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a

good faith basis; and

h.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

33.   <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

34.   Defendants are sophisticated parties with substantial resources. The individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## **STATEMENT OF FACTS**

<u>Defendants' Company</u>

35.   At all relevant times, Defendants have been in the restaurant business. Upon information and belief, Defendants currently own, operate, and manage at least eight (8) restaurants throughout New York and New Jersey under the name "Don Alex."

36.   The Don Alex restaurant website states that:

"Don Alex is a family owned and operated restaurant. We have been delighting our respectable customers since 1993; when we initially began in Queens, NY… Based in our philosophy, along with our family values, four siblings with more than 20 years of experience in the food industry decided to start searching for the perfect ingredients…Thanks to each of our loyal clients, Don Alex Restaurant has been able to open their doors in different areas in New York and New Jersey."

(www.donalexrestaurant.com/about-us)

8

37.     Defendants refer to and market their restaurants on their website as a single business with multiple locations. Specifically, on their website, Defendants list several of their restaurant locations under the "Locations" tab.

38.     Defendant D. Osores is frequently present at Don Alex Restaurant to oversee the operations of the restaurant and to implement the policies complained of herein. Defendant D. Osores terminated Plaintiff from her position with Defendants and would occasionally direct and control Plaintiff's work and the work of Defendants' other employees when she was present at the restaurant.

39.     Defendant O. Yallico is also frequently present at Don Alex Restaurant to oversee the operations of the restaurant and to implement the policies complained of herein. Defendant O. Yallico interviewed Plaintiff for her position when she applied with Defendants and would occasionally direct and control Plaintiff's work and the work of Defendants' other employees when he was present at the restaurant.

40.     Upon information and belief, Defendants operate and manage all of the Don Alex restaurants which comprise the Don Alex Enterprise through common management, centralized control of labor relations, and common ownership and/or financial control.

Plaintiff's Work for Defendants

41.     Plaintiff Asfaw worked for Defendants as a server from in or around May 2014 to in or around August 2014 (the "Asfaw Employment Period").

42.     Throughout the Asfaw Employment Period, Plaintiff Asfaw typically worked five (5) days per week: Tuesday, Wednesday and Friday from approximately 3:00 pm to approximately 1:00 am, and Saturday and Sunday from approximately 9:00 am to approximately 7:00 pm, for a total of approximately fifty (50) hours per week.

43.     Although Asfaw typically worked shifts in excess of eight (8) hours, Defendants would not allow Plaintiff to take full thirty (30) minute uninterrupted lunch breaks.

44.     Throughout the Asfaw Employment Period, Plaintiff Asfaw was paid thirty dollars ($30.00) per shift, plus gratuities, regardless of the number of hours she actually worked. Asfaw was paid her wages in cash each Sunday by O. Yallico. O. Yallico would take the money directly from the register, giving Asfaw thirty dollars ($30.00) for each day she worked that week. This payment did not include a paystub or any other kind of statement that provided a breakdown of the hours worked.

45.     Due to the fact that Plaintiff Asfaw typically worked approximately ten (10) hours per work shift and the fact she was paid at a fixed rate of thirty dollars ($30.00) per shift, she typically ended up earning less than the applicable minimum wage for all hours worked. Defendants' failure to pay minimum wage was a corporate policy that applied to all Class Members.

46.     Defendants never provided Plaintiff with any notice or indication that they were relying on any credit for tipped employees or otherwise in order to pay Plaintiff less than the full minimum wage.

47.     Despite being hired as a server, Plaintiff Asfaw was required by Defendants to work in the kitchen throughout the Asfaw Employment Period. When Plaintiff worked the breakfast shift, Defendants would require Asfaw, as well as other servers and kitchen staff, to prepare and wash dishes because the cook and dishwasher would typically not arrive until approximately 1:00 pm.

48.     Defendants were typically not on the premises during the breakfast shift and failed to regularly restock ingredients. In the event ingredients for breakfast menu items were not

in stock, Plaintiff Asfaw was required to leave the restaurant to purchase ingredients herself. Asfaw did not receive any additional compensation for this work.

49.     Notwithstanding the fact that Plaintiff Asfaw typically worked approximately ten (10) hours in a given day, Defendants failed to pay her spread of hours premiums equal to an additional hour of minimum wage for such days when she worked a spread in excess of ten (10) in a given day and/or a split shift. Defendants' failure to pay spread of hours was a corporate policy that applied to all of Defendant's employees working shifts more than ten hours in one day and/or split shifts.

50.     Notwithstanding the fact that Plaintiff Asfaw typically worked in excess of forty (40) hours in a given week, Defendants failed to pay her overtime premiums of one and one-half (1.5) her regular hourly rate. Defendants' failure to pay overtime premiums of one and one-half (1.5) employees' regular hourly rate was a corporate policy that applied to all Defendants' employees working in excess of forty (40) hours per week.

51.     Throughout the Asfaw Employment Period, Defendants failed to maintain a time-clock or any other type of timekeeping system to accurately record the time that their hourly employees worked.

52.     Plaintiffs Asfaw was not provided with wage a notice as required by the NYLL at the date of their hiring or by February 1 of each year. Asfaw was also not provided with any form of wage statements. Defendants' failure to provide proper wage notice and wage statements were corporate policies that applied to all of Defendants' employees.

53.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay minimum wage, overtime premiums and spread of hours premiums. Many of the Defendants' employees are paid their wages entirely in cash,

"off-the-books."

54.     The work performed by Plaintiff required little skill and no capital investment

55.     Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid minimum wage, time and one-half when working in excess of forty (40) hours per week or spread of hours premiums equal to an additional hour of minimum wage for such days when they worked a spread in excess of ten (10) in a given day and/or a split shift.

56.     As stated, the exact number of such similarly situated individuals is presently unknown but is believed to be well in excess of forty (40) individuals and can be ascertained through appropriate discovery.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE

57.     Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58.     By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

59.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.     Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collection Action Members are entitled to recover from Defendants their unpaid minimum

wages, damages for unreasonable delayed payment of wages, liquidated damages, reasonable attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

61.     Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

62.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

63.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

64.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE

65.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

66.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

67.     Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Member to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorney's fees, and costs and disbursments of the action pursuant to NYLL §§ 663(1) et al.

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

68.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

69.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

70.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursments of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS</u>

71.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

72.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146.16 (2012).

73.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS</u>

74.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.     Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement with every payment of wages as required by Article 6, § 195(3).

76.     Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover from Defendants one hundred dollars ($100) per employee for each workweek

that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL §§ 198(1-d) liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**SEVENTH CAUSE OF ACTION**
**NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS**

77.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

78.     Defendant has willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

79.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for

by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

17

f. An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h. An award of damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i. An award of one hundred dollars ($100) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

j. An award of fifty dollars ($50) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of twenty-five hundred dollars ($2,500) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1-b);

k. An award of prejudgment and post-judgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        September 26, 2014

**PELTON & ASSOCIATES PC**

By: _____
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the putative collective, and class*

19

September 2, 2014
Page 7

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal bajo la Ley Federal de Normas Razonables de Trabajo y/o las normas laborales del Estado de Nueva York arriba mencionadas, en mi nombre y representación en contra de Don Alex Restaurant y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados (el "Empleador"). Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en como debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton & Associates PC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis Abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los Abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____          09-02-14          Paola Assaw
        Firma                       Fecha              Nombre Escrito