F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 30 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAOLA ASFAW, on behalf of herself and
others similarly situated,

                Plaintiff,

      -against-

BBQ CHICKEN DON ALEX NO. 1 CORP.
d/b/a DON ALEX RESTAURANT, DIAVI
OSORES, OSVALDO YALLICO, and JOHN
DOES 1–10, jointly and severally,

                Defendants.
-------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-5665 (CBA) (RML)

**AMON, Chief United States District Judge:**

       Plaintiff Paola Asfaw claims her former employers, defendants BBQ Chicken Don Alex No. 1 Corp. ("Don Alex"), Diavi Osores, Osvaldo Yallico, and John Does 1–10, failed to pay her adequately under, and otherwise comply with, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, N.Y. Lab. Law § 650 et seq. ("NYLL"). Asfaw allegedly worked as a server at one of the Don Alex restaurants. (Inquest Hr'g Tr. 4:3–8, 5:23–24.) None of the defendants have appeared in these proceedings, and the Clerk of Court noted the default of the named defendants on January 14, 2015. (D.E. # 9.) Plaintiff moved for a default judgment on March 5, 2015. (D.E. # 11.) This Court referred the motion to Magistrate Judge Marilyn D. Go for a Report and Recommendation ("R&R"), (D.E. dated Mar. 9, 2015), and the case was subsequently reassigned to Magistrate Judge Robert M. Levy, (D.E. dated Mar. 30, 2015). Thereafter, Judge Levy issued an R&R recommending entry of a default judgment against defendants. (D.E. # 20, R&R.)

## DISCUSSION

### I. Standard of Review

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

### II. Plaintiff's Recovery

Here, no party has raised an objection to the R&R, which the Court has therefore reviewed for clear error. Upon careful consideration of the record, the Court adopts Judge Levy's R&R as the opinion of the Court with respect to Asfaw's recovery—subject to the following modification.

Judge Levy recommends that Asfaw recover liquidated damages under both the FLSA and the NYLL. (R&R at 13.) Although that position is supported by a significant body of case law, (see id. at 12), there is no appellate authority on the matter, and this Court finds that legislative developments have decisively eroded the justification typically offered for simultaneously awarding damages under both statutes.

The original rationale for permitting plaintiffs to recover double liquidated damages was that the FLSA provided for liquidated damages as compensatory damages while under the NYLL they were punitive in nature, and therefore it was not duplicative to award both at once. See Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 261–62 (S.D.N.Y. 2008) ("Liquidated damages

under the FLSA are . . . compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA. . . . In contrast, the liquidated damages provided for in the New York Labor Law are punitive in nature." (internal quotation marks and citations omitted)); see also Reilly v. Natwest Markets Grp. Inc., 181 F.3d 253, 265 (2d Cir. 1999) (describing the punitive nature of NYLL liquidated damages under an older version of the statute).

That distinction is no longer compelling. To justify an award of damages, the NYLL long required a plaintiff to demonstrate that the employer's violations of the statute were willful, but that requirement was removed in 2009. Compare N.Y. Lab. Law 198(1-a) (amended 1997) with N.Y. Lab. Law 198(1-a) (amended 2009); see also Inclan v. New York Hosp. Grp., Inc., 95 F. Supp. 3d 490, 506 (S.D.N.Y. 2015). And in 2010, the NYLL was further modified to permit damages equivalent to 100%—rather than the previous 25%—of unpaid wages. Compare N.Y. Lab. Law 198(1-a) (amended 2009) with N.Y. Lab. Law 198(1-a) (amended 2010); see also Inclan, 95 F. Supp. 3d at 506. As a result, damages under the NYLL now appear to be compensatory, much like damages under the FLSA.

Some courts have recognized this apparent realignment in the respective purposes of damages under the FLSA and NYLL while also suggesting that double damages may remain appropriate in the case where a defendant defaults. See Gortat v. Capala Bros., 949 F. Supp. 2d 374, 382 (E.D.N.Y. 2013); Herrera v. Tri-State Kitchen & Bath, Inc., No. 14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015). If both FLSA and NYLL liquidated damages are compensatory, however, whether a defendant defaults is irrelevant; plaintiff would still stand to be compensated twice. The Court therefore modifies Asfaw's award so that she recovers liquidated damages only under one statute. In the instant case, the larger recovery is

available under the NYLL, so the Court awards that amount—$5,250.00, as calculated by Judge Levy—in liquidated damages.

Asfaw is therefore entitled to $12,750.00,[1] plus $6,148.80 in attorney's fees and $400.00 in costs, $831.08 in pre-judgment interest,[2] and post-judgment interest as prescribed by 28 U.S.C. § 1961, see Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 23 (E.D.N.Y. 2015) (awarding post-judgment interest in an FLSA default case even where plaintiff has not requested it). The R&R does not fully address the liability of the various defendants, however, necessitating the following discussion.

### III.   Defendants Don Alex, Osores, and Yallico

Judge Levy recommends granting Asfaw's motion for a default judgment as to those defendants who have been served—defendants Don Alex, Osores, and Yallico. (R&R at 4.) The Court adopts that position. First, with respect to defendant Don Alex, the Court follows Judge Levy in crediting Asfaw's allegations that the company qualifies as an employer under the FLSA

---

[1] As determined by Judge Levy, this amount comprises $2,550.00 in unpaid minimum wages, $2,340.00 in unpaid overtime wages, $360.00 in unpaid spread-of-hours compensation, $5,250.00 in liquidated damages, and $2,250.00 in damages for wage-and-hour-notice violations.

[2] Pre-judgment interest is compensatory under the NYLL. See Reilly, 181 F.3d at 265. As a result, pre-judgment interest and liquidated damages now appear to serve similar functions under the NYLL. The statute, however, explicitly provides both for "prejudgment interest as required under the civil practice law and rules" and liquidated damages. See N.Y. Lab. Law 198(1-a) (amended 2015); N.Y. Lab. Law 198(1-a) (amended 2010). Therefore the Court awards both here. A "[p]laintiff is [] entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed." Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011). Because the Court has not assessed any liquidated damages under the FLSA, Asfaw can recover pre-judgment interest, calculated at 9% per year, on all $5,250.00 of her unpaid wages. The Court adopts Judge Levy's recommended start date for calculating pre-judgment interest, which is June 26, 2014.

4

because it was directly engaged in interstate commerce and had an annual gross volume of sales exceeding $500,000. (R&R at 2; see also Compl. ¶¶ 17, 20.)

With respect to defendants Osores and Yallico, Asfaw alleges that both individuals owned or managed corporate defendant Don Alex. (Compl. ¶¶ 13–15.) When considering whether an individual is an "employer" under the FLSA, courts apply the "economic reality" test, for which the Second Circuit has identified at least four relevant factors: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). This test "encompasses the totality of circumstances, no one of which is exclusive." Id. Although these factors are not necessarily the only relevant ones, they are sufficient to demonstrate that an individual qualifies as an employer under the FLSA.[3] Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 69 (2d Cir. 2003).

Here, Asfaw alleges that at least the first three factors apply to Osores and Yallico. First, she claims that Yallico hired her, (Inquest Hr'g Tr. 6:20), and that Osores fired her, (id. 14:12–19). Second, she claims that both Osores and Yallico supervised her work and gave her orders, and that Yallico set her schedule initially when she was hired. (Id. 5:25–6:14.) Third, she alleges that both individuals had control over payroll policy at Don Alex. (Compl. ¶¶ 13–14.) With respect to the fourth factor, there is no clear indication that Osores or Yallico maintained employment records, but the absence of the fourth factor is not dispositive. See Herman, 172 F.3d at 140

---

[3] A similar analysis applies under the NYLL. See Saigon Grill, 595 F. Supp. 2d at 264 n.48 (S.D.N.Y. 2008) ("New York law parallels that of the FLSA in defining the scope of the term 'employer.'").

5

("[T]here is no evidence that [the defendant] was involved in maintaining employment records. But that this fourth factor is not met is not dispositive.").

The Court accepts as true Asfaw's well pleaded allegations of the respective supervisory roles of Osores and Yallico. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability."). On the basis of those allegations, the Court concludes that Osores and Yallico qualify as Asfaw's former "employers" under the FLSA and NYLL.

In FLSA and NYLL defaults, courts routinely hold corporate and individual employers jointly and severally liable. See Pineda v. Masonry Const., Inc., 831 F. Supp. 2d 666, 686 (S.D.N.Y. 2011) (collecting cases). As a result, all three named defendants are liable jointly and severally for the judgment awarded here, as well as for the post-judgment interest on that sum.

## IV. John Doe Defendants

In addition to the three named defendants, Asfaw's complaint also lists John Doe defendants 1–10. Asfaw has moved for a "default judgment as to Defendants," (see D.E. # 11); Asfaw's motion does not distinguish between the named and John Doe defendants, nor is there any indication that Asfaw has sought to dismiss the John Doe defendants from the case. The Court can therefore only interpret Asfaw as moving for a default as to all defendants.

The John Doe defendants were never identified or served in this case, so they cannot have defaulted. In any event, they are also omitted from the Clerk of Court's entry of default. (See D.E. # 9.) See also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default

set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." (internal citations omitted)). The motion for a default judgment as to those defendants is denied.

Further, Asfaw filed the complaint approximately a year and a half ago, on September 26, 2014. (See D.E. # 1.) Because Asfaw failed to serve the unidentified defendants within 120 days of filing the complaint, she is in violation of Federal Rule of Civil Procedure 4(m) with respect to those defendants.[4]

---

[4] The Rule was amended as of December 1, 2015, and now sets the presumptive time for service of defendants at within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). Given the timing of Asfaw's complaint, the previous, 120-day deadline is applicable.

7

## CONCLUSION

The Clerk of Court is directed to enter judgment against the named defendants, jointly and severally, and in favor of Asfaw for $12,750.00, plus $6,548.80 in attorney's fees and costs, $831.08 in pre-judgment interest, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

The only remaining defendants in this case are John Does. Within 14 days of the date of this Order, Asfaw is directed to show good cause for her failure timely to serve the John Doe defendants. Failure to demonstrate such cause will result in the claims against the John Doe defendants being dismissed without prejudice. See Thompson v. Maldonado, 309 F.3d 107, 110 (2d Cir. 2002) ("As indicated by the plain language of Rule 4(m), notice to the plaintiff must be given prior to a sua sponte dismissal.") Alternatively, Asfaw may seek voluntary dismissal of the John Doe defendants.

SO ORDERED.

Dated: March 29, 2016
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge